24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard TISCHBIEREK, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-56533.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 11, 1994.*
Decided May 18, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherri Aikman, on behalf of Richard Tischbierek, appeals the district court's order granting summary judgment in favor of the Secretary of Health and Human Services (Secretary). The Secretary concluded that Tischbierek's disability onset date was April 17, 1990. Tischbierek contends that the district court erred by adopting the Secretary's conclusion because substantial evidence supported an earlier disability date. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Magellanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). Regarding the onset date of disability, the question is "whether the onset date actually chosen is supported by substantial evidence, not whether another date could reasonably have been chosen.... The burden of proof rests upon the claimant." Id. (citation omitted). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Mere diagnosis of a listed impairment is insufficient to sustain a finding of disability "if the claimant's impairment is not as severe as required under the findings for that impairment, or if the claimant has not had the impairment or a particular symptom for as long as the findings require." Young v. Sullivan, 911 F.2d 180, 184 (9th Cir.1990); accord Key v. Heckler, 754 F.2d 1545, 1549-50 (9th Cir.1985).
 
 
 4
 Tischbierek contends that he met the medical listing for obesity in August 1987. See 20 C.F.R. Part 404, Subpt. P, App. 1, Sec. 10.10A.[1] Listing 10.10A states that someone of Tischbierek's height must weigh at least 356 pounds. See id. Weighing over 400 pounds, Tischbierek easily met this requirement. To satisfy the remaining requirements of listing 10.10A, Tischbierek submitted medical records dating from 1987 to 1990. Additionally, the Administrative Law Judge (ALJ) received evidence from a vocational expert regarding Tischbierek's past employment.
 
 
 5
 The medical records revealed the following information: In April 1987, Tischbierek injured his back when he rolled over in bed to pick up the telephone. Dr. Lum at Kaiser Permanente Medical Group treated Tischbierek for obesity and low back pain from May 1987 through August 1987.
 
 
 6
 In August 1987, Dr. Lum reported that a physical examination and X-rays disclosed that Tischbierek suffered moderate degenerative joint disease and locked facet syndrome but refused to recommend Tischbierek for permanent disability. On November 10, 1987, an X-ray showed that Tischbierek's lumbar spine was within normal limits and that he had no focal area of bone destruction. On January 22, 1988, Dr. Lum again declined Tischbierek's request to be placed on permanent disability because Tischbierek exhibited no change in symptoms. Dr. Lum concluded that Tischbierek could perform light work.
 
 
 7
 Dr. James, an orthopedic surgeon, examined Tischbierek on September 21, 1988 and July 25, 1989. In his initial evaluation, Dr. James concluded that Tischbierek suffered from degenerative disc disease without neurological deficit, cervical strain, and exogenous obesity. Tischbierek's X-rays revealed mild degenerative changes of facets. Dr. James opined that Tischbierek's disability limited him to light work.
 
 
 8
 Dr. Thompson, also an orthopedic surgeon, evaluated Tischbierek on December 30, 1988. Dr. Thompson noted that Tischbierek had no specific limp and that his pelvis and shoulders appeared to be level. Tischbierek's X-rays displayed good alignment of the vertebrae. Dr. Thompson diagnosed degenerative arthritis of the lumbar spine with probable degenerative disc disease. Dr. Thompson concluded that Tischbierek was precluded from heavy lifting.
 
 
 9
 On April 17, 1990, Dr. Schein diagnosed Tischbierek with chronic venous insufficiency coupled with an ulcerous sore which had not healed for more than 6 months, permanent disability status. See 20 C.F.R. Part 404, Subpt. P, App. 1, Sec. 10.10D.
 
 
 10
 At the April 18, 1990 hearing, the vocational expert, Mr. Tenenbaum, classified Tischbierek's immediate past relevant work experience as a truck driver as semi-skilled light work. Tenenbaum testified that if Tischbierek could sit for one hour at a time, stand forty-five minutes, walk two blocks, and climb up on the truck, he would be able to perform his past relevant light truck driving job. At the previous hearing in April 1988, Tischbierek had testified that he could drive his own vehicle, stand for forty-five minutes, walk one to two blocks, swim, and read.
 
 
 11
 The ALJ discredited Tischbierek's complaints of severe and disabling pain because orthopedic examinations revealed no significant abnormalities of gait or ambulation. The ALJ also noted that unlike persons suffering from severe and unremitting pain, Tischbierek had not been prescribed pain medications containing codeine or morphine. Moreover, Tischbierek continued to drive his own vehicle, and did not require assistance with shopping or household chores.
 
 
 12
 The Secretary determined that Tischbierek was disabled as of April 17, 1990. While Tischbierek produced evidence that he was diagnosed with arthritis prior to April 17, 1990, the X-ray evidence required by listing 10.10A did not conclusively reveal arthritis. See Young, 911 F.2d at 184. Moreover, Drs. Lum and James indicated that Tischbierek could perform light work. The evidence therefore supported the conclusion that Tischbierek was not disabled because he retained the capacity to perform his past relevant work. See 20 C.F.R. Sec. 404.1520(e). Accordingly, we conclude the Secretary's finding was supported by substantial evidence in the record. See Magellanes, 881 F.2d at 754.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Listing 10.10A provides in relevant part:
 
 
 [10]
 10 Obesity. Weight equal to or greater than the values specified in Table I for males ... and one of the following:
 A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with X-ray evidence of arthritis in a weight bearing joint or spine.
 
 
 [20]
 C.F.R. Part 404, Subpt. P, App. 1